**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4116

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AMEER NASEER CULBREATH,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Richard D. Bennett, District Judge.  (CR-03-223-RDB)

Submitted:  April 22, 2005                Decided:  June 1, 2005

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Jensen E. Barber, LAW OFFICE OF JENSEN E. BARBER, P.C., Washington, D.C., for Appellant.  Thomas M. DiBiagio, United States Attorney, Daphene R. McFerren, Deborah A. Johnston, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted Ameer Naseer Culbreath of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1) & 924(e)(1) (West 2000 & Supp. 2004) (Count 1), and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (2000) (Count 2). The district court sentenced him to a total of 170 months of imprisonment. On appeal, he challenges the sufficiency of the evidence on Count 1[1] and asserts that his sentence violates his Sixth Amendment rights. We affirm Culbreath's convictions but vacate his sentence and remand for resentencing.

Culbreath contends that the district court erred in denying his motion for judgment of acquittal under Fed. R. Crim. P. 29 on Count 1 because the evidence was insufficient to prove that he possessed the firearm and that the firearm traveled in interstate commerce. We review the district court's decision to deny a Rule 29 motion de novo. United States v. Lentz, 383 F.3d 191, 199 (4th Cir. 2004), cert. denied, ___ U.S. ___, 2005 WL 80797 (U.S. Apr. 18, 2005) (No. 04-8107). Where, as here, the motion was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most

---

[1]Culbreath does not contest his conviction for possessing a firearm with an obliterated serial number. See United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned.").

favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). We have reviewed the trial testimony in the joint appendix, supplemental joint appendix, and government supplemental appendix and are convinced that the evidence was sufficient to convict Culbreath. See United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001) (discussing elements of the offense).

Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), Culbreath contends that his Sixth Amendment right to a jury trial was violated because he was sentenced on facts found by the court and not by the jury. Because Culbreath did not object to his sentence in the district court based on Blakely or United States v. Booker, 125 S. Ct. 738 (2005), this court's review is for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

In Booker, the Supreme Court held that the mandatory manner in which the Federal Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746 (Stevens, J., opinion of the Court); id. at 756-57 (Breyer, J., opinion of the Court).

Here, the district court sentenced Culbreath under the mandatory Federal Sentencing Guidelines and applied one enhancement based on facts found by a preponderance of the evidence. Specifically, the court increased Culbreath's base offense level by three levels under U.S. Sentencing Guidelines Manual § 3A1.2(b) (2002), based upon its finding that Culbreath assaulted a police officer during the course of the arrest.[2] In light of Booker and Hughes, we find that the district court plainly erred in sentencing Culbreath. Just as we noted in Hughes, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Culbreath's sentencing. 401 F.3d at 545 n.4; see generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

Accordingly, although we affirm Culbreath's convictions, we vacate his sentence and remand for proceedings consistent with Hughes.[3] We dispense with oral argument because the facts and

_____

[2]Culbreath also received a two-level enhancement under USSG § 2K2.1(b)(4) because the firearm had an obliterated serial number. Because the jury convicted Culbreath of possessing a firearm with an obliterated serial number, this enhancement did not violate the Sixth Amendment.

[3]Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767 (Breyer, J., opinion of the Court). On remand, the district court should first determine the appropriate sentencing

legal contentions are adequately presented in the materials before

the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>

---

range under the Guidelines, making all factual findings appropriate for that determination. <u>Hughes</u>, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2004), and then impose a sentence. <u>Hughes</u>, 401 F.3d at 546. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West Supp. 2004). <u>Hughes</u>, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 547.